UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF NORTH MIAMI BEACH
POLICE OFFICERS' AND
FIREFIGHTERS' RETIREMENT PLAN      19-CV-10825 (JPO)
                    Plaintiff,
                                   ORDER
      -v-

NATIONAL GENERAL HOLDINGS
CORP., ET AL.,
                    Defendants.

J. PAUL OETKEN, District Judge:

   Plaintiffs in this securities case, in response to this Court's Opinion and Order granting Defendants' motion to dismiss and providing an opportunity for Plaintiff to amend its complaint (*see* Dkt. No. 92), move to lift the discovery stay provided by the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4 *et seq*. (*see* Dkt No. 94).  Plaintiffs argue that, by concealing the identity of attendees at meetings during which the illegal scheme at issue was discussed, Defendants engage in gamesmanship of the sort meriting a lifting of the PSLRA stay.

   The PSLRA provides that "all discovery . . . shall be stayed during the pendency of any motion to dismiss, unless the court finds . . . that particularized discovery is necessary to . . . prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B).  Courts in this district have split in determining whether a showing of undue prejudice requires "exceptional circumstances." *Compare In re Bank of Am. Corp. Secs., Derivative, & ERISA Litig.*, 09 MDL 2058, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) ("Although some courts have required plaintiffs to demonstrate 'exceptional circumstances,' . . . I reject that standard to the extent it implies that something more than 'undue prejudice' is required." (citation omitted)), *with Vacold LLC v*

1

*Cerami*, 00 Civ. 4024, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001) ("[U]nless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint." (citation omitted)), *and Gruber v. Gilbertson*, 16 Civ. 9727, 2017 WL 3891701, at *2 (S.D.N.Y. Sept. 5, 2017) (denying in part a motion to lift a PSLRA stay because "[p]laintiffs fail[ed], to articulate the exceptional circumstances under which they would suffer undue prejudice").

Regardless of the standard used, Plaintiffs have not made a showing of undue prejudice, particularly in light of Defendants' proffer that no individual Defendant attended the meetings described. To permit discovery in this case would allow the exception to the discovery stay to swallow the rule. *See, e.g.*, *In re Optionable, Inc. Sec. Litig.*, 07 Civ. 3753, 2008 WL 4629985, at *3 (S.D.N.Y. Oct. 20, 2008).

Plaintiff's motion to lift the PSLRA discovery stay is denied.

The Clerk of Court is respectfully directed to close the motion at Docket Number 93.

SO ORDERED.

Dated: February 19, 2021
      New York, New York

_____
J. PAUL OETKEN
United States District Judge